# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| **WAYNE FABOZZI** and **WENDY FABOZZI**, <br>     Plaintiffs <br> vs. <br> **UNITED STATES OF AMERICA**, <br>     Defendant | **NO. 3:23-cv-10474** |

## PLAINTIFFS' COMPLAINT

On September 10, 2021, Mr. Wayne Fabozzi suffered serious personal injuries because of an uncontrolled explosion that occurred on Naval School for Explosive Ordnance Disposal Training, at Eglin Air Force Base. Plaintiffs Wayne and Wendy Fabozzi complain of the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674 and would respectfully show the following.

## PARTIES

1.1.     Plaintiffs Wayne and Wendy Fabozzi reside in Niceville, Florida, which is in Okaloosa County, Florida.

1.2.    Plaintiffs are civilians.

1.3.    Wendy Fabozzi married Wayne Fabozzi over 49 years ago and remain married today.

1.4.    By 2021, Mr. Fabozzi had worked as a firefighter and medic for over twenty (20) years.

1.5.    The Defendant is the United States of America, its officers, agents, employees, and representatives.

## JURISDICTION, SERVICE, & VENUE

2.1.    This Federal District Court has jurisdiction because this action is brought under 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject-matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

2.2.    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney for the Northern District of Florida by certified mail, return receipt requested at his office:

Jason R. Coody
ATTN: Civil Process Clerk
U.S. Attorney's Office
Pensacola Division
21 East Garden Street
Suite 400
Pensacola, FL 32502

2.3.     The United States also needs service of the Summons and Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at:

The Attorney General's Office
ATTN: Civil Process Clerk
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

2.4.     Venue is proper in this district under 28 U.S.C. § 1402(b) because the United States is a Defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Further, venue is proper because the Plaintiffs reside in this judicial district.

2.5.     The substantive law of the State of Florida applies to this lawsuit because the acts or omissions complained of in this Complaint occurred in Florida. *See* 28 U.S.C. § 1346(b)(1).

## AGENCY

3.1.    The personal injuries and resulting damages of the Plaintiffs were proximately caused by the tortious and wrongful acts or omissions of employees or agents of the United States of America working at Eglin Air Force Base, while acting within the scope of their office, employment, or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

3.2.    The Department of the Air Force is an agency of the United States of America.

3.3.    The Department of the Navy is an agency of the United States of America.

3.4.    The United States of America, through its agency, the Air Force or the Navy, at all times material to this lawsuit owned, operated, and controlled Eglin Air Force Base in Okaloosa County, Florida, and staffed its facilities with its agents, servants, and employees.

3.5.    The United States of America, through its agency, the Navy, at all times material to this lawsuit owned, operated, and controlled the Naval School for Explosive Ordnance Disposal

Training, at Eglin Air Force Base, and staffed it with its agents, servants, and employees.

3.6.     The instructors at the Naval School for Explosive Ordnance Disposal Training at Eglin Air Force Base on September 10, 2021, were employees of the United States or its agency working within the course and scope of employment at all times material to this lawsuit.

## JURISDICTIONAL CONDITIONS PRECEDENT

4.1.     Under 28 U.S.C. §§ 2672 and 2675(a) the claims set forth in this Complaint have met all jurisdictional prerequisites, including timely administrative presentment.

4.2.     The claims were presented to the Department of the Air Force and the Department of Navy on February 22, 2022.

4.3.     The Department of the Air Force acknowledged receipt of the claims on the same day, February 22, 2022. The acknowledgment letter from the Air Force stated that it would transfer the claims to the Department of Navy for administrative handling.

4.4.    The Department of the Navy acknowledged receipt of the claims on February 24, 2022, confirming they were delivered on February 22, 2022.

4.5.    The claim was amended and delivered to the Navy by email on November 1, 2022. *See* 32 C.F.R. § 750.28. The receipt of the email was acknowledged by a Navy tort claims attorney on November 2, 2022. The amended claim to the Navy was also sent by certified mail and received by a Government agent in Norfolk VA on November 7, 2022.

4.6.    The amended claims set forth a brief description of the facts giving rise to the claim as well as a sum certain. For Plaintiff Mr. Wayne Fabozzi, the amended claim set forth a sum certain of $25,000,000. For Plaintiff Ms. Wendy Fabozzi, the amended claim set forth a sum certain of $5,000,000.

4.7.    On January 24, 2023, the Government finally denied by certified mail, return receipt requested, Plaintiffs claims.

4.8.    This lawsuit was filed within six months of January 24, 2023.

# THE SAFE ZONE

5.1.     The Naval School for Explosive Ordnance Disposal Training, at Eglin Air Force Base (the Navy School) has classroom facilities and practical areas. The practical areas have explosive and non-explosive areas. The practical, non-explosive areas are reserved for mission activities which do not utilize live munitions.

5.2.     Mr. Fabozzi was a medic working at Eglin Air Force Base in one of these practical, non-explosive areas created by the Government and known as the Safe Zone.

5.3.     The Safe Zone is one (1) mile away from the explosives Range (also known as the "Pit"), where the Navy School conducted controlled explosions. The Government created this Safe Zone adjacent to the operational control bunker.



***Figure 1: OSHA Report Drawing***

5.4.    The Safe Zone was required to be free of munitions or explosives.

5.5.    Naval Explosive Ordnance Instructors and students set explosives in the Pit and then return to the Safe Zone before detonating them. They were required to wait a certain amount of time before detonation, but they regularly failed to wait the necessary time.

5.6.    Sometimes, shrapnel or fragments would fly into the Safe Zone. When explosions are conducted in the Pit, individuals would wait in the Safe Zone behind or within the protection of the control bunker.

5.7.    The Government was required to clear and inspect the Safe Zone regularly but was not conducting those inspections or clearances as required.

5.8.    Further, the Government was required to provide security and safety preps each day any person went out to the Safe Zone or Pit. But the Government never conducted such preps and certainly never provided any such daily security or safety prep to Mr. Fabozzi.

5.9.    Mr. Fabozzi worked for a company who had contracted with the United States to provide medics like him to the Government.

5.10.   Mr. Fabozzi worked as a private civilian, non-military contractor at the Navy School for seven (7) years as a medic. During that time, Mr. Fabozzi took shrapnel from the Safe Zone and created awards and artwork for graduating and retiring members of the Navy School. This was done at the encouragement of the military personnel.

5.11.   Sometimes, Navy instructors would bring scraps, frags, or shrapnel back directly from the Pit for Mr. Fabozzi to build his artwork.

5.12.   The Government and its employees through the repeated acceptance of these awards or art created from shrapnel, ratified and encouraged Mr. Fabozzi's conduct.

5.13.   Mr. Fabozzi continued to be encouraged to create awards and art out of shrapnel found in the Safe Zone because the Government stationed him in the area, and he relied on the Government employees' assurances that it was a Safe Zone.

5.14.   The Navy created the "Safe Zone" for Mr. Fabozzi and his fellow medics to stand-by as they waited for any job

assignments from the Navy that might arise. But other than having them wait in this Safe Zone, the Government provided very limited supervision and training of medics like Mr. Fabozzi.

## SEPTEMBER 10, 2021

6.1.    On September 10, 2021, Mr. Wayne Fabozzi suffered serious personal injuries because of an uncontrolled explosion that occurred at the Navy School.

6.2.    Given the Government's instructions that the area was safe, Mr. Fabozzi was unaware that there were any dangerous objects or conditions in this area and did not know that objects in the Safe Zone could explode. The Government failed to warn Mr. Fabozzi that a dangerous condition (*i.e.*, an explosive device) existed and make the area safe.

6.3.    At around 11:30am, Mr. Fabozzi waited in the Safe Zone with other medics for Government instructors and students to also arrive in the Safe Zone after the students and instructors finished setting charges in the detonation range but prior to detonation.

6.4.    While waiting for instructors and students to return to the Safe Zone, Mr. Fabozzi picked up shrapnel he found in the Safe Zone.

6.5.    The shrapnel was about 2.5 inches in diameter.

6.6.    Mr. Fabozzi showed the object to his fellow medic and waited for the instructors and students to return from the Range.

6.7.    Upon returning from the Range, the students entered the bunker while approximately six (6) instructors waited outside with Mr. Fabozzi and his fellow medic.

6.8.    Mr. Fabozzi handed the object to a Navy instructor, inquiring if the instructor knew what it was. Unable to identify it, the instructor handed it back to Mr. Fabozzi.

6.9.    Then, Mr. Fabozzi handed the object to a second Navy instructor. The instructor told Mr. Fabozzi that he did not know what the object was and handed it back to Mr. Fabozzi.

6.10.    By their conduct, neither Mr. Fabozzi nor the Navy instructors knew that the object was explosive.

6.11.    After the second Navy instructor handed it back, and as Mr. Fabozzi lowered his hand with the object, it exploded.

6.12.    As a result of explosion, Wayne Fabozzi suffered the loss of his lower left arm and several fingers on his right hand, nerve damage in his left arm and right hand, shrapnel burn scars on his chest, traumatic brain injury, headaches, dizziness, nausea, depression, sleep problems, anxiety, post-traumatic stress disorder, vision impairment, and hearing impairment. The injuries suffered by Mr. Fabozzi will most likely require lifelong medical care. And these injuries have adversely impacted his marriage to his wife. For example, his traumatic brain damage and depression have lowered his sex drive. And Mr. Fabozzi was forced to retire from his chosen profession and cannot find gainful employment because of his injuries.

## COUNT 1: NEGLIGENCE

7.1.    Plaintiffs complain that the United States of America was negligent in one or more of the following respects:

1.  The Government failed to secure and maintain explosives at the Navy School;

2.  The Government failed to properly inventory, warehouse, catalog, or otherwise track the explosives in its possession;

3.  The Government failed to properly monitor employees who had access to the explosives;

4.  The Government failed to properly maintain the Safe Zone and keep it free of explosives;

5.  The Government failed to properly clear and inspect the Safe Zone regularly to keep it free of explosives;

6.  The Government failed to provide security and safety preps each day any person went out to the Safe Zone or Range;

7.  The Government failed to employ security measures to prevent improper use, possession, or access to explosives;

8.  The Government employee(s) negligently brought explosive material into the Safe Zone;

9.  The Government failed to retrieve explosive devices once unsecured;

10.  The Government failed to make sure that its employees or independent contractors were properly supervised and trained so that explosives did not enter the Safe Zone;

11.  The Government failed to make sure its employees or independent contractors were properly supervised and trained so that explosives were identified;

12.  The Government failed to make sure its employees or independent contractors were

properly supervised and trained so that when unidentified explosives are handed to them, they do not give them back to third-parties;

13. The Government employees were negligent in failing to identify the object as an explosive when asked by Mr. Fabozzi to identify the object;

14. The Government employees were negligent in handing the unidentified object back to Mr. Fabozzi after Mr. Fabozzi asked them to identify it.

7.2.    Due to the above negligence of the United States of America, Plaintiffs suffered injury and damages.

## COUNT 2: STRICT LIABILITY

8.1.    The Government or its agencies, agents, or employees affirmatively chose to work with an ultrahazardous product: explosive devices. *See* Restatement (Second) of Torts § 519.

8.2.    Exposure to unexploded devices is not an inherent risk of being a civilian, stand-by medic, like Mr. Fabozzi.

8.3.    Thus, the Government is strictly liable for the harm caused to the Plaintiffs because the use of explosives is an

abnormally dangerous activity, even with the use of reasonable care.

8.4.    Explosive devices are abnormally dangerous because they carry a risk of harm to those in the vicinity if they should explode. Explosives used by the Government present a high degree of risk of physical harm to people. The risk created by explosives is an unusual risk because of its magnitude and the circumstances surrounding it. The explosive devices that the Government used poses virtually unparalleled level of risk of injury if its security is not assured. And there is a likelihood that the harm resulting from it will be great if explosive devices detonate near people. With explosive devices, one cannot eliminate the risk of harm if one were to explode through the exercise of reasonable care.

8.5.    Explosives handling and use are not a matter of common usage. For example, the public is prohibited from the use of such explosives. *E.g.*, 18 U.S.C. § 842(3) (unlawful to transport, ship, or receive explosives without a license).

8.6.    Under applicable state law, the Government is required to contemplate a countless variety of situations in which a reasonable person may be harmed by such explosives and the

Government must anticipate and guard against the exposure of such persons to these explosives.

## COUNT 3: NEGLIGENT UNDERTAKING

9.1.     Next, Plaintiffs complain that the United States of America negligently undertook the creation of the Safe Zone for Plaintiff Mr. Fabozzi (and others) to wait while working as a medic for a third-party employer and the Government's failure to exercise reasonable care in the undertaking resulted in physical harm to Plaintiff. *See* Restatement (Second) of Torts § 324A.

9.2.     The Government and its agents or employees should have known and recognized that the creation of the Safe Zone for medics and others to wait was necessary for the protection of those individuals, like Mr. Fabozzi, and their personal property.

9.3.     The failure to exercise reasonable care in this undertaking increases the risk of physical harm to these individuals.

9.4.     The harm suffered by Plaintiffs is because of the Plaintiffs' reliance on the Government's undertaking. Mr. Fabozzi relied on the Government to keep the Safe Zone free of explosives and live munitions.

## COUNT 4: PREMISES LIABILITY

10.1.   Further, Plaintiff Wayne Fabozzi was a business invitee of the Government on September 10, 2021.

10.2.   Mr. Wayne Fabozzi was neither a trespasser nor a licensee on Government property on September 10, 2021.

10.3.   The Government did not use the Pit or Safe Zone discussed in this complaint at the Navy School for Explosive Ordnance Disposal Training for recreational purposes. Nor did the Government admit the public on to these premises for recreational purposes.

10.4.   Instead, the Government invited Mr. Wayne Fabozzi onto its premises for purposes directly or indirectly connected with the business of the United States or its agencies conducted at the Navy School.

10.5.   The Government had a duty to warn of concealed dangers, such as unexploded bombs, of which the United States, or its agencies, agents, or employees, knew of or through the exercise of due care, should have known about were in the Safe Zone.

10.6.    The Government had a duty to maintain the Safe Zone in a reasonable safe condition for Mr. Fabozzi, free of explosives or other munitions.

10.7.    The Government negligently failed to maintain the Safe Zone in a reasonably safe condition by failing to correct a dangerous condition—unexploded devices—about which the Government either knew or should have known, using reasonable care.

10.8.    The Government breached the above duties through the various acts of negligence described in this Complaint and caused injury to Plaintiffs.


## DAMAGES

11.1.    Due to the Government's negligence described in this Complaint, Plaintiffs suffered injury.

11.2.    As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have otherwise occurred. Plaintiff Wayne Fabozzi pleads for all damages available under Florida state law, federal law, and equity including, but not limited to:

1.    Past and future injury, pain, disability, disfigurement, and loss of capacity for enjoyment of life;

2.    Past and future hospitalization, medical, nursing, and attendant care and treatment;

3.    Past and future lost earnings, time, and earning capacity;

4.    Past and future mental anguish;

5.    Past and future humiliation;

6.    Past and future loss of his wife's services, comfort, society, and attention;

7.    Out-of-pocket expenses; and

8.    All other damages entitled to him by law and equity.

11.3.    Plaintiff Wendy Fabozzi pleads for all damages available under Florida state law, federal law, and equity including, but not limited to:

1.    Past and future household services;

2.    Past and future mental anguish;

3.    Out-of-pocket expenses;

4.    Past and future loss of her husband's services, comfort, society, and attentions; and

      5.     All other damages entitled to her by law and equity.

11.4.     Further, Plaintiffs seek post-judgment interest and the costs of prosecuting this claim. But Plaintiffs do not seek punitive damages or pre-judgment interest.

## CONCLUSION

Plaintiffs request that Defendant be cited to appear and answer herein: that upon final bench trial, Plaintiffs have a judgment against the Defendant for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiff may show himself entitled to and to which the Court believes them deserving.

Respectfully Submitted,

/s/ Jamal Alsaffar

**JAMAL ALSAFAR**

jalsaffar@nationaltriallaw.com

Texas State Bar #24027193

**TOM JACOB**
  tjacob@nationaltriallaw.com
  Texas State Bar #24069981
**WHITEHURST, HARKNESS,**
  **BREES, CHENG, ALSAFFAR,**
  **HIGGINBOTHAM, & JACOB**
  **P.L.L.C.**
1114 Lost Creek Blvd, Ste. 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)


**B. SHANNON SAUNDERS**
  ssaunders@saunderslawfirm.com
  Florida State Bar #178233
**CAMERIN J. DIXON-**
  **HATCHER**
  chatcher@saunderslawfirm.com
  Florida State Bar #1025111
**B. SHANNON SAUNDERS,**
  **P.A.**
4359 Lafayette Street
P.O. Box 5896
Marianna, Florida 32447
(850) 526-5535 (o)
(850) 526-5586 (f)


Attorneys for the Plaintiffs