# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**WAYNE FABOZZI and**
**WENDY FABOZZI,**

    Plaintiffs,

    vs.

**UNITED STATES OF AMERICA,**

    United States.

**Case No.: 3:23-cv-10474-TKW-HTC**

## ANSWER TO AMENDED COMPLAINT

United States, United States of America, answers the numbered paragraphs of Plaintiffs' Amended Complaint as follows:

### Parties

1.1.  The United States is without sufficient knowledge to admit or deny the claim, therefore denied.

1.2.  The United States is without sufficient knowledge to admit or deny the claim, therefore denied.

1.3.  The United States is without sufficient knowledge to admit or deny the claim, therefore denied.

1.4.  The United States is without sufficient knowledge to admit or deny the claim, therefore denied.

1.5. The United States admits it has been named as the United States. In cases brought pursuant to the Federal Tort Claims Act (FTCA), the United States is the only proper United States, therefore the remainder of this allegation is denied.

## Jurisdiction, Service, & Venue

2.1. The United States admits that federal district courts generally have jurisdiction of claims brought pursuant to the FTCA, however denies that the Court had jurisdiction in this case.

2.2. The United States admits that Federal Rule of Civil Procedure 4(i) governs service of process on the United States. The substance of Rule 4(i) speaks for itself.

2.3. The United States admits that Federal Rule of Civil Procedure 4(i) governs service of process on the United States. The substance of Rule 4(i) speaks for itself.

2.4. The United States admits that if the Court were to have jurisdiction, venue in the Northern District of Florida would be proper.

2.5. Admitted.

## Agency

3.1. Denied.

3.2. Admitted.

3.3. Admitted.

3.4. The United States admits that the United States Air Force owns and controls Eglin Air Force Base and that Eglin Air Force based is staffed, in part, with employees of the United States. Eglin Air Force Base may also be staffed in part by non-federal employees.

3.5. The United States admits that the United States Navy operates the Naval School for Explosive Ordinance Disposal and that the school is staffed, in part, with employees of the United States. The school may also be staffed in part by non-federal employees, otherwise denied.

3.6. The United States admits that the Naval School for Explosive Ordinance Disposal is staffed, in part, with employees of the United States. The school may also be staffed in part by non-federal employees, otherwise denied.

## Jurisdictional Conditions Precedent

4.1. Admitted as to 28 U.S.C. §§ 2672 and 2675(a), otherwise denied.

4.2. Admitted.

4.3. Admitted.

4.4. Admitted.

4.5. Admitted.

4.6. Admitted.

4.7. Admitted.

4.8.    Admitted.

## The Safe Zone

5.1.    The United States admits that the Naval School for Explosive Ordinance Disposal (NAVSCOLEOD) conducts explosive ordinance disposal training utilizing multiple training modalities, including the use of live-explosive exercises, otherwise denied.

5.2.    The United States admits that Mr. Fabozzi was the employee of a contractor that provided services pursuant to contract for the NAVSCOLEOD, otherwise denied.

5.3.    The United States admits that there is an Operational Control Bunker for personnel safety at the range where the incident giving rise to this Complaint occurred (Range C-52N), but the term "Safe Zone" is undefined and therefore the remainder is denied.

5.4.    The term "Safe Zone" is undefined and therefore, denied.

5.5.    The United States admits that the NAVSCOLEOD instructors and students shelter at the Operational Control Bunker during live explosives training on C-52N, but the term "Safe Zone" is undefined and therefore the remainder is denied.

5.6.    The United States admits that the NAVSCOLEOD instructors and students shelter at the Operational Control Bunker during live explosives training

on C-52N, but the term "Safe Zone" is undefined and therefore the remainder is denied.

5.7. The term "Safe Zone" is undefined, and otherwise denied.

5.8. Denied.

5.9. Admitted.

5.10. The United States lacks sufficient information to admit or deny.

5.11. The United States lacks sufficient information to admit or deny.

5.12. Denied.

5.13. Denied.

5.14. The term "Safe Zone" is undefined and therefore, denied.

### September 10, 2021

6.1. The United States admits that Mr. Fabozzi was injured on September 10, 2021, on Range C-52N, Eglin Air Force Base, because he picked up an unidentified object that detonated in his hands, otherwise denied.

6.2. Denied.

6.3. The United States admits that Mr. Fabozzi was a medic at a live explosives exercise conducted by the NAVSCOLEOD at Range C-52N on September 10, 2021, otherwise denied.

6.4. The United States lacks sufficient information to admit or deny.

6.5. The United States lacks sufficient information to admit or deny.

6.6. The United States lacks sufficient information to admit or deny.

6.7. The United States admits the students entered the bunker, while some instructors were outside the bunker when Mr. Fabozzi was injured.

6.8. The United States admits Mr. Fabozzi showed the object to an instructor, otherwise denied.

6.9. The United States admits Mr. Fabozzi showed the object to an instructor, otherwise denied.

6.10. Denied.

6.11. Denied.

6.12. The United States admits that Mr. Fabozzi suffered an injury to his hands, otherwise the United States wis without sufficient knowledge to admit or deny, therefore denied.

## Count 1: Negligence

7.1. Denied as to all parts.

7.2. Denied.

## Count 2: Ultrahazardous Activities

8.1. The United States admits that it provides training to employees to work with explosive devices, otherwise denied.

8.2. Denied.

8.3. Denied.

8.4. The United States admits that explosive devices can be dangerous and that harm can occur if explosive devices detonate near people, otherwise denied.

8.5. 18 U.S.C. §842(3) speaks for itself, otherwise denied.

8.6. Denied.

### Count 3: Negligent Undertaking

9.1. United States admits that an area, including an Operational Control Bunker, is provided for persons to wait during explosives training exercises, otherwise denied.

9.2. United States admits that an area, including an Operational Control Bunker, is provided for persons to wait during explosives training exercises, otherwise denied.

9.3. United States denies that it failed to exercise reasonable care.

9.4. Denied.

### Count 4: Premises Liability

10.1. This paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, United States admits that Wayne Fabozzi was allowed onto its premises pursuant to contract to provide services as identified in the contract.

10.2. This paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, United States admits that Wayne Fabozzi was allowed onto its premises pursuant to contract to provide services as identified in the contract.

10.3. The United States admits it did not use range C-52N was not used for recreational purposes, but it is believed that licensed hunters may access some parts of the Eglin ranges.

10.4. The United States admits that Wayne Fabozzi was allowed onto its premises pursuant to contract to provide services as identified in the contract.

10.5. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is required, the United States responds that it had no duty to the Plaintiffs that it breached in relation to the accident that is the subject of this case.

10.6. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is required, the United States states the term "Safe Zone" is undefined, and that it had no duty to the Plaintiffs that it breached in relation to the accident that is the subject of this case.

10.7. Denied.

10.8. Denied.

**Damages**

11.1. The United States admits that Mr. Fabozzi was injured on September 10, 2021, at or near range C-52N, Eglin Air Force Base, but denies that the injury was caused by negligence on the part of the United States.

11.2. Denied.

11.3. The United States denies that it is liable to Plaintiff, Wendy Fabozzi.

11.4. The United States denies that it is liable to Plaintiff, Wayne Fabozzi or Plaintiff, Wendy Fabozzi.

**Conclusion**

The United States denies that either Plaintiff, Wayne Fabozzi or Plaintiff, Wendy Fabozzi, is entitled to relief against the United States.

The United States asserts that Plaintiffs are not entitled to a jury trial pursuant to the FTCA.

The United States hereby denies all allegations of the Complaint not otherwise answered in this Answer.

**AFFIRMATIVE DEFENSES**

1. All of Plaintiffs' claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 et seq.

2. The Court lacks subject matter jurisdiction over this case.

3. Plaintiff, Wayne Fabozzi's negligence is the cause of Plaintiffs' alleged injuries, and Plaintiffs' claims are barred (in whole or in part) by Florida law on comparative negligence. *See* Fla. Stat. § 768.81.

4. If the United States is found liable for negligence—which is expressly denied— the United States asserts that any damages demanded by the Plaintiff should be offset by the amount of collateral source benefits received by, or available to, the Plaintiff. This would include, but not be limited to, contractual discounts on medical care.

5. If United States is found liable for negligence—which is expressly denied—United States may be entitled to a setoff or deduction from any damages recoverable by Plaintiff for any benefits payable with federal funds under any federally-funded program.

6. Pursuant to 28 U.S.C. 2678, Plaintiff is not entitled to a separate award of attorney's fees.

7. The United States is not liable for interest prior to judgment, or for punitive damages. *See* 28 U.S.C. § 2674.

8. Plaintiffs' recoverable damages, if any, are limited to the amount requested in his administrative tort claim. *See* 28 U.S.C. § 2675(b).

9. United States asserts that it has, or may have, additional affirmative defenses that are not known to United States at this time but may be ascertained

through discovery. One example is a failure to mitigate damages. Should discovery reveal facts demonstrating the applicability of such an affirmative defense, United States specifically preserves these affirmative defenses as they are ascertained.

**WHEREFORE**, having fully answered all counts of the Complaint, United States prays that Plaintiff take nothing by way of his Complaint, that the same be dismissed, and that judgment be awarded in favor of United States, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Peter G. Fisher*
Peter G. Fisher
Assistant United States Attorney
Florida Bar No. 0413010
William G. Pafford
Assistant United States Attorney
Florida Bar No. 0099594
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone: 850-942-8430
Fax: 850-942-8466
peter.fisher@usdoj.gov
Attorneys for United States