IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WAYNE FABOZZI and
WENDY FABOZZI,

    Plaintiffs,

    vs.

UNITED STATES OF AMERICA,

    United States.

Case No.: 3:23-cv-10474-TKW/HTC

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

In this case, Plaintiffs seek damages under the Federal Tort Claims Act ("FTCA") for injuries sustained by Plaintiff Wayne Fabozzi, who was injured by an old piece of unexploded ordnance (UXO) he found as he went for a walk on an Eglin Air Force Base ("Eglin AFB") explosives and bombing range. Mr. Fabozzi was working as a contractor medic for the U.S. Navy in support of the Naval School of Explosive Ordnance Disposal (NAVSCOLEOD) at Eglin AFB during live explosive training exercises and had been explicitly told not to pick up any objects on the range he did not recognize.

The Plaintiffs have sought extensive discovery in the case. As is common in FTCA cases involving multiple federal agencies, the Navy was designated as the primary agency. During the course of discovery, government counsel obtained

certain documents from the Navy which were generated by other Department of Defense ("DOD") offices and disseminated to the Navy as part of official business. These documents were provided to government counsel for production to Plaintiffs in response to discovery requests without apprehension of other—that is, non-Navy—releasability considerations. The documents were produced to Plaintiffs during discovery and they have made use of them in depositions and such.

The DOD and component branches (*e.g.*, Air Force and Navy) generate many regulations, most of which are publicly available. *See*, *e.g.*, Dep't of the Air Force E-Publishing, https://www.e-publishing.af.mil/. Certain regulations are unclassified but not generally available to the public. In general, the reason these controlled but unclassified documents are not publicly is that they concern base security of otherwise sensitive details of military operations.

Here, numerous cleared documents and policies have been provided through discovery. Documents at issue for purposes of this motion, however, include:

- Eglin Air Force Base Instruction 13-212 (EAFBI 13-212). EAFBI 13-212 is Eglin's Instruction regarding Range Planning and Operations. The document "may be disseminated within DoD to include contractors, consultants, and grantees as necessary in the conduct of official business." The document contains description of the Eglin's ranges, the Range Configuration Control Planning Process, and other range processes. EAFBI 13-212 is not a publicly available document.
- Technical Manual D-32-3-35. D-32-3-35 is a manual that describes explosive ordnance disposal procedures for certain fuzes including the LI-465 M1 fuze which was the fuze that Mr. Fabozzi picked up in this case. Distribution of the manual is limited as directed by Deputy Manager for DoD EOD Technology, and is not publicly available.

- NOSSA Instruction 8023.11D. Instruction 8023.11D is an instruction of the Naval Ordnance Safety & Security Activity regarding the Development, Implementation, and Maintenance of Standard Operating Procedures for Ammunition and Explosives. Instruction 8023.11D distribution is authorized to U.S. Government agencies and their contractors, but is not cleared for public release.
- Navy Explosives Safety Inspection Reports 8020, Ser N5L/356, 26 Mar 18 and 8020, Ser N9L/364, 20 Mar 20. These reports involve review of the Explosives Safety Program at the Naval School explosives Ordnance Disposal. Distribution of the reports is authorized to U.S. Government agencies and their contractors, but they are not cleared for public release.

Large portions of them are probably irrelevant to the case. Certain specific portions may be. Because of the sensitivity of the national security information in the documents, the government requests that they only be used for resolution of the case and not appear on the public docket. There is no need for the whole of them to appear on the public docket to justly resolve the case. It is unclear which, if any, of these documents Plaintiffs intend to use for summary judgment or trial. Thus, the government assumes they intend to do so.

Accordingly, the government respectfully requests the Court enter an order requiring that materials designated "Sensitive" by the government not be used for any purpose other than this case, that they only be filed under seal on the public docket, and that the identified documents be returned to the government upon the conclusion of this case.

## LOCAL RULE 7.1(B) COMPLIANCE

Pursuant to Local Rule 7.1(B), Defendant conferred with Plaintiffs regarding the issues set forth in this Motion and states that counsel for the Plaintiffs indicated, in part, "the burden should be on the Government to file its motion requesting the Court grant leave to file these under seal …. [and] ][i]f the Court grants that motion, then [Plaintiffs] should be able to file [their] response [to the government's Motion for Summary Judgment] with the exhibits sealed pursuant to the order."

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that this motion contains 843 words as calculated by MS Word's word count feature.

    Respectfully submitted,

    JASON COODY
    UNITED STATES ATTORNEY

    */s/ Peter G. Fisher*
    PETER G. FISHER
    Florida Bar No. 413010
    ANDREW J. GROGAN
    Florida Bar No. 85932
    Assistant United States Attorneys
    111 N. Adams St., Fourth Floor
    Tallahassee, FL 32301-7730
    peter.fisher@usdoj.gov
    andrew.grogan@usdoj.gov
    (850) 942-8430