# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**WAYNE FABOZZI** and
**WENDY FABOZZI**,
    Plaintiffs

vs.

**UNITED STATES OF AMERICA**,
    Defendant

**NO.
3:23-CV-10474-TKW-HTC**

## PLAINTIFFS' NOTICE OF DEPOSITION

To:  Defendant, United States of America, through its Attorneys of record.

Please take notice that under Fed. R. Civ. P. 30(b)(6), the above Plaintiffs will take the deposition of the Defendant, United States of America, by oral examination using video, audio, and stenographic means, at the following location and date:

| | |
|---|---|
| Date and Time: | Dec. 5 (9am CST); 6 (10am CST); 7 (10am CST & 1pm CST), 2023 |
| Location: | 4359 Lafayette Street, Marianna, Florida 32446. |
| Court Reporter: | Remote Legal or designee |
| Videographer: | Remote Legal or designee |

The deposition will continue from day to day until completed, with such breaks, as necessary. Pursuant to Rule 30(b)(6), the United States of America shall designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on the United States' behalf with respect to the subject matters set forth in attached **Exhibit A**. A request to produce documents permitted under Rule 30(b)(2) is attached as **Exhibit B**.

## DEFINITIONS

The following definitions apply to this Deposition Notice and attached Exhibits.

**Naval School**. The Naval School refers to Naval School Explosive Ordnance Disposal at Eglin Air Force Base in Florida.

**Range at Issue**. The term "Range at Issue" means the Range C-52N as identified by the document page bates stamped by the Government as USN-3090.

**Safe Area at Issue.** The term "Safe Area at Issue" means the area identified as the "Accident Site" on the document page bates stamped by the Government as USN-3090 and USN-3091.

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

**Identify** (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Identify** (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). If the document is a publication, please include the publication name,

publisher, and section, portion, page or pages of the publication, or any other information necessary for Parties to procure a copy.

**Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Person.** The term "person" is defined as any natural person or business, legal or governmental entity or association.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

                            Respectfully Submitted,

                            /s/ Tom Jacob
                            JAMAL ALSAFAR
                                jalsaffar@nationaltriallaw.com
                                Texas State Bar #24027193
                            TOM JACOB
                                tjacob@nationaltriallaw.com
                                Texas State Bar #24069981
                            WHITEHURST, HARKNESS,
                                BREES, CHENG, ALSAFFAR,
                                HIGGINBOTHAM, & JACOB
                                P.L.L.C.

1114 Lost Creek Blvd, Ste. 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)


B. SHANNON SAUNDERS
   ssaunders@saunderslawfirm.com
   Florida State Bar #178233
Camerin J. Dixon-Hatcher
   chatcher@saunderslawfirm.com
   Florida State Bar #1025111
B. Shannon Saunders, P.A.
4359 Lafayette Street
P.O. Box 5896
Marianna, Florida 32447
(850) 526-5535 (o)
(850) 526-5586 (f)

Attorneys for the Plaintiffs


## CERTIFICATE OF SERVICE

By our signature above, we certify that a copy of this pleading has been sent on September 18, 2023, via email, per the stipulation of the parties.

# EXHIBIT A

Examination is requested on the following subject matter areas:

1. Differences between the Rule 34(a)(2) inspection to be conducted on October 28, 2023, and the Safe Area at Issue and Range at Issue as they existed on September 10, 2021. This topic includes the briefings or other instructions provided in the inspection compared to briefings or instructions provided to Mr. Fabozzi on any date.

2. Periodic clearance of explosives or munitions in the Safe Area at Issue at the Naval School. This topic includes identification of documentation or record keeping of such clearance, as they existed on September 10, 2021, and presently.

3. Policies, procedures, standard operating procedures, instructions, or other rules, regulations, or standards concerning periodic or non-periodic clearance of explosives or munitions at the Naval School, as they existed on September 10, 2021, and presently. This topic includes discussion of the application of these policies to the Government and third parties.

4. Hazard Control Briefing or safety preps at the Naval School, including the identity of documentation, record keeping, or logging of such briefing, as they existed on September 10, 2021, and presently.

5. Policies, procedures, standard operating procedures, instructions, or other rules, regulations, or

standards concerning periodic or non-periodic Hazard Control Briefing (or other safety prep) at the Naval School, including the identity of documentation, record keeping, or logging of such briefing, as they existed on September 10, 2021, and presently. This topic includes discussion of the application of these policies to the Government and third parties.

6. History of Material Potentially Possessing Explosive Hazards and certification of Material Hazard Deemed Safe at the Naval School during the time in which Mr. Fabozzi worked at the Naval School, including the identity of logs or record keeping of such certification.

7. Policies, procedures, standard operating procedures, instructions, or other rules, regulations, or standards concerning History of Material Potentially Possessing Explosive Hazards and certification of Material Hazard Deemed Safe at the Naval School, including any logging or record keeping of such certifications, as they existed on September 10, 2021, and presently. This topic includes discussion of the application of these policies to the Government and third parties.

8. Policies, procedures, standard operating procedures, instructions, or other rules, regulations, or standards concerning the Net Explosive Weight for the Ranges at the Naval School. This includes any limitations set either by written or unwritten policy, procedure, instruction, or custom, as they existed on September 10, 2021, and presently. This topic includes discussion of the application of these policies to the Government and third parties.

9. The identity and actions of the Range Control Office and any Range Control Officer at the Naval School during the five (5) years preceding the explosion at issue in this lawsuit.

10. The Government's policies, procedures, protocols, and practices regarding safety and security of explosives at the Naval School for Explosive Ordnance Disposal, including storage, inventory, tracking, monitoring access, and protocols for unsecured explosives, generally and as applied to the lawsuit at issue, as they existed on September 10, 2021, and presently. This topic includes discussion of the application of these policies to the Government and third parties.

11. The government's policies, procedures, protocols, and practices regarding training of employees, contractors, and students on safety protocols and identifying and handling any material found at the Range at Issue or Safe Area at Issue, as they existed on September 10, 2021, and presently. This topic includes discussion of the application of these policies to the Government and third parties. This topic further includes any mishap investigation following a mishap occurring because of such found material.

12. Oversight and supervision of contractors, including Plaintiff Wayne Fabozzi, working at the Naval School, including their duties, training, and monitoring while on premises, as they existed on September 10, 2021, and presently.

13. The government's knowledge prior to September 10, 2021, regarding any hazards, safety issues, or dangers regarding unexploded ordnance in the designated safe zones or operational bunkers, including the Range at Issue and the Safe Zone at Issue. This topic also includes any mitigation efforts the Government may or may not have taken regarding these areas.

# EXHIBIT B

Under Fed. R. Civ. P. 34(b)(2), you are commanded to attend and testify at the above specified time and place; you are commanded to produce the below designated documents, electronically stored information, or tangible things in your possession, custody, or control. The following requests do not seek any communication to or from your legal counsel. Please produce a true and correct copy of the following within thirty (30) days of this notice or at the deposition, whichever is sooner. If produced before the deposition date, please produce these documents electronically. If produced at the deposition, please produce a physical copy of the document for examination and marking as a deposition exhibit, as well as an electronic version of the document in its native format.

1. Your current curriculum vitae or resume.

2. Documents you reviewed in preparation for this deposition.

3. Policies, procedures, practices, checklists, or protocols concerning the topics covered in Exhibit A, if not previously produced by the Government.

4. Reports, notes, logs, letters, communication, or other documents you have authored or have been sent to you concerning this case or the topics covered in Exhibit A.